**IT IS ORDERED as set forth below:**



**Date: June 18, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| | : | |
| CURTIS ANDERSON, | : | BANKRUPTCY CASE |
| | : | NO. 18-61953-LRC |
| Debtor. | : | |
| | : | |
| CURTIS ANDERSON, | : | ADVERSARY PROCEEDING |
| | : | NO. 18-05176-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FIRST AMERICAN TITLE LENDING | : | |
| OF GEORGIA, LLC, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is the Motion for Summary Judgment, filed by First American

Title Lending of Georgia, LLC ("Defendant"). The Motion arises in connection with a complaint (the "Complaint") filed by Curtis Anderson ("Plaintiff"), which seeks the return of Plaintiff's 2012 CTS V Cadillac (the "Vehicle") free and clear of any lien Defendant may assert or the full purchase price for the Vehicle, including taxes, licenses, and fees.

## FACTS AND PROCEDURAL HISTORY

On April 27, 2018, Plaintiff entered into a Title Pawn Agreement (the "Agreement") with Defendant. Complaint, P. 6; Defendant's Statement of Uncontested Material Facts ("DSUMF"), ¶ 1; Plaintiff's Statement of Material Facts in Support of Its Motion Denying Summary Judgment ("PSUMF"), ¶ 1. The Agreement was for a title loan on the Vehicle with a maturity date of May 27, 2018. Complaint, P. 6; DSUMF, ¶ 2; PSUMF, ¶ 2. Plaintiff failed to make the required payment to Defendant on May 27, 2018. Complaint, P. 6; DSUMF, ¶ 3, PSUMF, ¶3. Defendant agreed to extend the Agreement for another thirty days from the date of a prior extension (May 29, 2018), extending the maturity date to June 27, 2018. Affidavit, ¶ 5.[1]

On June 27, 2018, Plaintiff again failed to make payment on the loan. Affidavit, ¶ 6; DSUMF, ¶ 6; PSUMF, ¶ 6. Defendant hired Hell Hound Recovery to lawfully

---

[1] Plaintiff disputes this fact as stated in paragraph 5 of DSUMF. *See* PSUMF, ¶ 5. Defendant, however, has submitted the affidavit of Jeremey Jones in support of this fact, and Plaintiff points to no record evidence to substantiate his dispute of this fact. Accordingly, the Court finds that the fact is undisputed.

2

repossess the Vehicle from Plaintiff's possession, and Hell Hound Recovery did so on July 9, 2018. Affidavit, ¶ 7; DSUMF, ¶ 7. Instead of redeeming the Vehicle, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 19, 2018 (the "Bankruptcy Case"). Complaint, P. 8; Affidavit, ¶ 9; DSUMF, ¶ 9; Case No. 19-61953. Prior to September 17, 2018, Plaintiff took no affirmative actions toward redeeming the Vehicle. Affidavit, ¶ 11; DSUMF, ¶ 13. On September 25, 2018, the trustee of Plaintiff's bankruptcy estate filed a report of no distribution, and the Court entered an order discharging Defendant and closing the estate on November 2, 2018. *See* Case No. 19-61953, Doc. No. 22.

## CONCLUSIONS OF LAW

Plaintiff seeks the return of the Vehicle free and clear of any security interest or lien Defendant may have asserted, or, in the alternative, the purchase price of the Vehicle, including taxes, licenses, and fees and asserts that Defendant "violated [Plaintiff's] rights as a consumer." The Complaint is not specific, however, as to the legal basis upon which Plaintiff is entitled to such relief.

Defendant seeks summary judgment because Defendant did not violate or breach any duty owed to Plaintiff. According to the undisputed facts, Defendant repossessed the Vehicle on July 9, 2018, after Plaintiff failed to make payment, and Plaintiff failed to exercise his right to redeem the Vehicle, even after he filed his bankruptcy petition.

3

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). "The substantive law [applicable to the case] will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 251-52, 106 S. Ct. at 2510, 2511-12. The party moving for summary judgment has "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (citing *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2553). When, as here, the nonmoving party has the burden of proof at trial, the moving party, ordinarily, may "simply . . . point out to the . . . court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1437. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and

4

all reasonable doubts and inferences should be resolved in favor of the nonmoving party. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir. 1993).

The Court agrees with Defendant that the undisputed facts do not provide a basis for the Court to order Defendant to return the Vehicle to Plaintiff or to award Plaintiff any sum of money. Prior to the Petition Date, Plaintiff had a thirty-day grace period during which he could redeem the Vehicle by paying the full amount of the debt owed to Defendant, which began on June 27, 2018. *See* O.C.G.A. § 44-14-403(b)(1) ("The pawnbroker shall not sell the pledged goods during the grace period."). When Plaintiff filed his bankruptcy petition on July 19, 2019, that redemption period was extended, pursuant to 11 U.S.C. § 108(b), by sixty days—September 17, 2018. Neither Plaintiff nor his bankruptcy trustee took "affirmative steps to change the otherwise dormant right to redeem repossessed collateral into a meaningful ownership interest." *In re Moore*, 448 B.R. 93, 100 (Bankr. N.D. Ga. 2011). When the redemption period expired on September 17, 2018, Plaintiff lost any equitable interest in the Vehicle, and neither the Vehicle nor the right of redemption is property of Plaintiff's bankruptcy estate. The Court, therefore, has no basis upon which to order the Vehicle's return. *See* 11 U.S.C. § 542. Further, as this is a Chapter 7 case, Plaintiff, as the debtor, is not the proper party to seek such relief, and Plaintiff has pled no other legal basis that would require Defendant to return the Vehicle to Plaintiff.

Finally, the Court lacks subject matter jurisdiction over any claims for violation of any consumer protection statutes, as, this is a "no asset" Chapter 7 bankruptcy case and any damages that may be awarded for such claims would inure to Plaintiff's benefit and would have no impact on Plaintiff's bankruptcy estate. *See In re Vienneau*, 410 B.R. 329, 334 (Bankr. D. Mass. 2009); *In re Wynne*, 422 B.R. 763, 772 (Bankr. M.D. Fla. 2010) ("Because the outcome of the proceeding will not have any effect on the estate being administered in bankruptcy, the Debtors' FDCPA and state law claims are not 'related to' the bankruptcy case within the meaning of 28 U.S.C. § 1334(b), and this Court lacks subject matter jurisdiction over the claims. . . ."); *In re Harlan*, 402 B.R. 703, 713 (Bankr. W.D. Va. 2009) (holding the court lacked subject matter jurisdiction because "Debtors' recovery from any violation of the FDCPA will have no effect on . . . their bankruptcy estate"). Accordingly, to the extent the Complaint can be construed to assert such claims, the Court dismisses those claims pursuant to Rule 7012(b)(1) of the Federal Rules of Bankruptcy Procedure, for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Defendant is entitled to summary judgment as to Plaintiff's demand for turnover of the Vehicle, and the Court lacks subject matter jurisdiction over all other asserted claims. Therefore,

**IT IS ORDERED** that the Motion for Summary Judgment is **GRANTED**, as to

Plaintiff's claim for turnover of the Vehicle, and the Court will enter a judgment in favor of Defendant concurrently herewith;

**IT IS FURTHER ORDERED** that any claims for violations of the Truth in Lending Act, the Federal Trade Commission Act, and the Americans with Disabilities Act, or other statutes, are **DISMISSED** for lack of subject matter jurisdiction.

## END OF DOCUMENT

**Distribution List**

**Curtis Anderson**
537 Sugarloaf Reserve Drive
Duluth, GA 30097

**Martha A. Miller**
Martha Miller Law, LLC
P. O. Box 5630
Atlanta, GA 31107

**First American Title Lending of Georgia**
900 Duluth Hwy
Ste 800
Lawrencville, GA 30043

**Cameron M. McCord**
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, GA 30309

**Paul R. Knighten**
Knighten Law Firm
Suite D-295
2221 Peachtree Road NE
Atlanta, GA 30309